In the Matter of Al Held et al., Appellants, v. Dino Giuliano et al., Constituting the Town of Olive Zoning Board of Appeals, Respondents, and Slide Mountain Realty Co., Inc., Intervenor-Respondent.

Third Department, February 13, 1975.

*Griffith B. Price, Jr.,* for appellants.

*St. John, Ronder & Bell* (*Richard A. Anthony* of counsel), for respondents.

*Richard F. Riseley, Jr.* (*Francis X. Tucker* of counsel), for intervenor-respondent.

KANE, J. On February 20, 1970 the Town of Olive Planning Board approved a 22-lot single-family residential subdivision as shown on a map thereafter duly filed in the Ulster County Clerk's office by the record owner, Slide Mountain Realty Co., Inc. On December 22, 1972 the Town Board of the Town of Olive enacted an interim zoning ordinance which, among other things, required a minimum lot size of one acre for the construction of a single-family residence. The ordinance made substandard all but five lots in Slide Mountain's subdivision. However, these subdivision lots were exempt from the restriction imposed by the ordinance for a period of two years from the filing of the subdivision map (Town Law, § 265-a). After the expiration of this period, and on April 5, 1973, Slide Mountain applied for a " blanket variance " to permit residential construction on the 17 remaining lots contained in an area of approximately 12 acres. After a public hearing, the respondent Zoning Board of Appeals granted the variance. Petitioners timely commenced this proceeding and Slide Mountain duly intervened. Petitioners contend first, that the Board of Appeals exceeded the authority granted to it under subdivision 5 of section 267 of the Town Law in granting the area variance, and, second, even if statutory authority existed, there is no basis in the record of the hearing to grant the relief requested in that the board made no formal findings that approval of the variance would serve the public safety and welfare.

The grant of power to regulate zoning by ordinance is vested in the legislative body of the town (Town Law, § 261) with the purpose in view that such regulation will occur in accordance with a comprehensive plan (Town Law, § 263). The power of a zoning board of appeals to vary or modify the application of any regulation or provision of the ordinance is circumscribed by the explicit provision of subdivision 5 of section 267 of the Town Law which limits such action to situations " where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinances ". If the grant of a variance is destructive of the purposes to be achieved by the ordinance, there is a clear invasion of the legislative process (*Van Deusen* v. *Jackson,* 35 A D 2d 58, affd. 28 N Y 2d 608). The fact that in the instant case we are concerned with an " interim " ordinance does not remove it from the rule set forth in *Van Deusen* (*supra*) wherein a " permanent " ordinance was involved. There can be no greater power in a zoning board of

appeals to modify the application of an "interim" ordinance than that provided for in the case of a "permanent" ordinance. The underlying legislative objective is the same in each situation. In the absence of some legal infirmity with the ordinance or its unreasonable extension beyond what is temporarily permitted (cf. *Lake Illyria Corp.* v. *Town of Gardiner,* 43 A D 2d 386), the decision in *Van Duesen (supra)* controls the matter at hand, and we conclude that the respondent improperly granted the instant variance.

While we do not reach petitioner's second argument, we would point out that a zoning board of appeals must, in each case, make findings that disclose the basis for its decision, and granting a variance without such findings would ordinarily result in a remittal to the board (*Matter of Mansell* v. *City of Buffalo,* 40 A D 2d 935; 2 Anderson, New York Zoning Law and Practice, § 20.30).

The judgment should be reversed, on the law and the facts, without costs; the petition should be granted, and the variance granted by the Zoning Board of Appeals of the Town of Olive by its decision filed July 19, 1973 should be annulled and set aside.

GREENBLOTT, J. P. (dissenting). The majority concludes that the respondents improperly granted the instant variance, implicitly finding that said variance was destructive of the purposes to be achieved by the zoning ordinance in question in that the variance was a clear invasion by the Zoning Board of Appeals of the legislative processes, under the rule set forth in *Van Deusen* v. *Jackson* (35 A D 2d 58, affd. 28 N Y 2d 608). However, it is not at all clear to me that *Van Deusen* is applicable here. The fact that the instant ordinance was "interim" whereas the ordinance in *Van Deusen* was permanent may not in and of itself serve as a basis for distinction, but upon analysis of the instant ordinance it is apparent that its only effect is to maintain the *status quo* in the Town of Olive without, in fact, establishing a zoning pattern. I do not disagree with the statement in *Van Deusen* that a variance cannot be given effect if it seriously disarranges the zoning pattern (*supra,* p. 61) but, in order to find such a disarrangement, it must first appear that there is indeed a zoning pattern pursuant to a comprehensive plan.

As the majority correctly points out, it is ordinarily necessary for a zoning board of appeals to make findings that disclose the basis for its decision, and no such findings were made in the instant case. However, it also appears that no findings have

been made which satisfactorily indicate that there is any planning purpose to the ordinance here in question, and in such a case it seems inappropriate for this court to make a finding that, in effect, the objectives of the zoning ordinance have been disregarded. I would, therefore, remand the case to Special Term for remittal to the board for a statement of particulars in which it finds that granting of a variance was appropriate to avoid "practical difficulties or unnecessary hardships" (Town Law, § 267, subd. 5) which would otherwise result if proper objectives of a zoning ordinance were effectuated.

Furthermore, it is my view that there may be a question as to the validity of the ordinance which at this late stage should be resolved if a determination is to be reached which satisfies the ends of law and justice. I cannot close my eyes to the fact that the ordinance in question, having been originally enacted in late 1972 and subsequently re-enacted in 1974, is now in its third year of existence and, so far as the record indicates, a permanent ordinance which would establish a zoning pattern for the town has not even reached the drafting stage. At best, I find that in April of 1974, a report containing preliminary recommendations for a proposed ordinance was prepared, but that no action had been taken as of December of that year, necessitating, as afore-mentioned, re-enactment of the interim ordinance; nor does it appear from the record whether any further action has been taken since that time.

Under these circumstances, there may exist a question as to the validity of the ordinance under the rule of *Lake Illyria Corp.* v. *Town of Gardiner* (43 A D 2d 386). In that case, a temporary stop-gap ordinance had been enacted and re-enacted for four consecutive one-year periods "pending the preparation and enactment of a comprehensive Zoning Law" (43 A D 2d, at p. 387). Although we held that local governments may enact reasonable interim measures to halt for a reasonable time construction in areas under consideration for zoning or rezoning, we held that the delay which had resulted from the failure during the period in question to achieve any meaningful progress in the preparation of a comprehensive plan rendered the interim ordinance invalid.

While the parties have not to this point seen fit to raise any issues regarding the validity of the ordinance in question under the *Lake Illyria* rule, wherefore the court at Special Term declined to make any determination on that question, it seems to me that at this stage, as the passage of time brings the factual pattern in this case closer to the facts involved in *Lake*

*Illyria,* the interests of justice require that a determination of the validity of the ordinance be reached. While the period of delay in *Lake Illyria* was, as noted, four years, the opinion in that case does not establish four years, or any longer or shorter period, as an arbitrary guideline. Obviously, the question is one of fact which should be determined in light of the circumstances in each case. Therefore, it would seem to me appropriate for Special Term, before remitting the matter to the Zoning Board of Appeals, to try the issue of the validity of the ordinance, giving the parties an opportunity to put in proof on steps which may have recently been taken toward enactment of a permanent ordinance. This matter should be resolved first because if the ordinance is found to be invalid, no purpose would be achieved by remission to the board.

The majority seems to have concluded that there was no "unreasonable extension beyond what is temporarily permitted" under *Lake Illyria.* It hardly seems appropriate to reach such a conclusion in the absence of proof, particularly as the time periods involved in the present case approach the delays that were involved in *Lake Illyria.* For these reasons I would withhold judgment and remand the matter to Special Term for further proceedings as heretofore indicated.

SWEENEY, MAIN and REYNOLDS, JJ., concur with KANE, J.; GREENBLOTT, J. P., dissents and votes to remand for further proceedings in an opinion.

Judgment reversed, on the law and the facts, without costs; petition granted, and variance granted by the Zoning Board of Appeals of the Town of Olive by its decision filed July 19, 1973 annulled and set aside.