■ In the Matter of 111 Condominium et al., Appellants, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Respondents. [29 NYS3d 181]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered May 1, 2015, denying the petition to annul a determination of respondent Board of Standards and Appeals of the City of New York (Board), dated January 14, 2014, which, as subsequently amended on February 5, 2014, granted, upon certain conditions, respondent Dalton Schools, Inc.'s application to amend a previously approved variance and special permit, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The Board's grant of a variance allowing Dalton to build an addition to its building does not constitute an ultra vires rezoning, since the variance would not change the essential character of the neighborhood (*cf. Matter of Held v Giuliano*, 46 AD2d 558, 559-560 [3d Dept 1975] [zoning board exceeded its authority in granting a variance permitting residential construction of lots with a greater density than allowed under a zoning ordinance]; *Van Deusen v Jackson*, 35 AD2d 58 [2d Dept 1970] [zoning board exceeded its powers when granting a variance permitting an individual to develop his land as a subdivision at odds with a zoning ordinance], *affd* 28 NY2d 608 [1971]). Both the Board and Supreme Court correctly applied the standard set forth in *Cornell Univ. v Bagnardi* (68 NY2d 583 [1986]). The Board providently exercised its discretion in granting the variance and special permit, and its determination has a rational basis in the record and was not arbitrary and capricious (*Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals*, 95 NY2d 437, 440 [2000]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.